In re The Matter Of **CENTRAL GULF LINES, INC., Owner, and Waterman Steamship Corporation, Owner Pro Hac Vice, Operator, and Bareboat Charterer of the Lash Barge CG–F70, Praying for Exoneration from and/or Limitation of Liability**

No. 97–3829.

United States District Court,
E.D. Louisiana.

July 2, 2001.

Robert B. Acomb, Jr., Richard D. Bertram, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Central Gulf Lines, Inc. and Waterman Steamship Corp.

Andrew Struben deKlerk, George A. Frilot, III, Joseph Dwight Leblanc, III, Terraplane L.R. Marquez, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for R. L. Baron Shipping, S.A., Masahiro Toyoda, Hajime Ono, Toshiaki Takeuchi, Dooyang Line Co., Ltd., Dooyang Ship Management Co. Ltd., and Protection and Indemnity Assurance Association (Bermuda) Ltd.

Robert Fenet, William Brett Mason, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Mingtai Fire & Marine Ins. Co. and Chin Ling Steel Co.

Christopher Ogilvie Davis, James H. Roussel, Evan T. Caffrey, Phelps Dunbar, LLP, New Orleans, LA, for Boto Co. Ltd. and Sun Alliance and London Ins., PLC.

### *RULING ON MOTION*

LIVAUDAIS, District Judge.

R.L. Baron Shipping, S.A. has filed a motion to dismiss the cross-claim, third party complaint, and Rule 14(c) tender by Central Gulf Lines, Inc. ("CGL") and Waterman Steamship Corporation ("Waterman") in CGL's and Waterman's limitation of or exon-

eration from liability case.[1] The motion was opposed by CGL and Waterman and by the United States.

The United States has filed a motion for reconsideration of the Court's ruling on the motion for entry of default. It is opposed by the Baron interests.

### Facts Relevant to these Motions

On January 30, 1998, the United States filed a claim and answer in this limitation of liability action of Central Gulf Lines, Inc. ("CGL") and Waterman Steamship Corporation ("Waterman"). (Rec.Doc. No. 8). In its claim, the United States alleges that it hired Waterman/CGL to ship certain food products through the Commodity Credit Corporation, an agent of the United States within the United States Department of Agriculture through Cooperative American Relief Everywhere (CARE), voluntary relief organization. It also alleges that Waterman/CGL was engaged in the business of carriage of goods upon water for hire, that it paid freights for a contract of carriage, that the food products were loaded in good order and condition, and that Waterman, upon completion of loading the shipment, issued clean "on board" bills of lading, but that upon delivery, the cargo was grievously injured or damaged.

There are no allegations in the United States' claim that Waterman or CGL were negligent in their navigation or handling of the barge which resulted in damage to the cargo. The claim of the United States against Waterman and CGL is under the Carriage of Goods by Sea Act (COGSA), and is not a maritime tort claim. Indeed, the United States admits as much in its Memorandum in Support of Motion for Reconsideration of Court's Ruling on Motion for Entry of Default. (Rec.Doc. No. 478, p. 3).

On March 2, 1998, Waterman/CGL filed an answer to the claim of the United States and an answer to the claim of Baron and a counterclaim. (Rec. Doc. Nos. 17 and 18). In its counterclaim against Baron, Waterman/CGL asserts that "Central Gulf Lines, Inc., and

Waterman Steamship Corporation bring this counterclaim on their own behalf and on behalf of all others having an interest in the outcome of the litigation and as agents and trustees of said interested parties." It also asserted that:

> As a result of the aforesaid collision, Central Gulf Lines, Inc.'s barge CG–F70 and its cargo of corn soya blend were damaged and counterclaimants have sustained damages, losses, and expenses, all of which will be shown at trial, were the result of the unseaworthiness of the M/V GREEN OPAL and/or negligence and/or inattention to duty of and/or breach of statutory duty of and/or poor seamanship of those in charge of the M/V GREEN OPAL and/or its failure to navigate properly, which negligence and breach of duty is attributable to R.L. Baron Shipping, S.A., the owner and/or operator, and all of those claiming an interest in said vessel.

> Counterclaimants are entitled to a judgment against claimant and counter-defendant, R.L. Baron Shipping, S.A., for all damages, losses, and expenses that have been sustained, together with repair and surveying costs, detention, attorney's fees, fleeting and shifting costs, and for claims for damage to property belonging to third parties (including cargo) and contingent claims for wreck removal and salvage expenses, which damages will be established at the time of trial, for which R.L. Baron Shipping, S.A. is liable to counter-claimants, Central Gulf Lines, Inc., and Waterman Steamship Corporation.

(Rec.Doc. No. 18).

On May 28, 1999, Waterman/CGL answered the claim of Mingtai Fire & Marine Insurance Company ("Mingtai") and Chin Ling Steel Company ("Chin Ling"), and filed a cross-claim and third-party complaint, tendering under Rule 14(c) of the Federal Rules of Civil Procedure the claims of Mingtai, Boto Company, Ltd. ("Boto"), Royal and Sun Alliance (Hong Kong) Limited ("Royal and

---

1. The motion to dismiss was joined by Dooyang Ship Management Co., Ltd., Dooyang Line Co., Ltd., the United Kingdom Mutual Assurance Association (Bermuda) Ltd., Hajime Ono, Masahiro Toyoda, and Toshiaki Takeuchi, who are referred

to as the Baron interests. (Rec.Doc. No. 453). For purposes of brevity, the Court will continue to refer to the motion has having been brought by Baron, but hereby recognizes that these additional parties joined in the motion.

Sun"), National Mutual Insurance Company (Bermuda) ("National Mutual"), and Union Success Metal, Ltd. ("Union Success"), to R.L. Baron Shipping S.A. ("Baron"), and the United States of America. (Rec.Doc. No. 77). In its cross-claim and third-party complaint, Waterman/CGL alleges that the collision which occurred on June 19, 1997, was caused as a result of the sole fault, negligence, and unseaworthiness of the M/V GREEN OPAL, and that Baron, as third party defendant, is likewise solely responsible for any loss or damage to this cargo. In paragraph 6 of the cross-claim and third-party demand, Waterman/CGL asserts:

> *If* Central Gulf Lines, Inc. and/or Waterman Steamship Corporation are adjudged liable to cargo claimants Mingtai ... and the United States of America herein, which is denied, *then* a judgment in the like amount for contribution, indemnification, and/or breach of contract should be entered in the like amount in favor of Waterman Steamship Corporation and Central Gulf Lines, Inc., over and against R.L. Baron Shipping, S.A., together with interest, court costs, and attorneys' fees.

(Rec.Doc. No. 77, pp. 9–10) (*Italics added*).

The introductory paragraph of the cross-claim and third party complaint states, "assuming the position of cross-claimants and third-party plaintiffs, Central Gulf Lines, Inc. and Waterman Steamship Corporation aver as follows for their cross-claim and third-party complaint and tender pursuant to F.R.C.P. 14(c)" the claims of the claimants to Baron and the United States.

Incorporated in its answer to the claims of Boto, Union Success and Royal and Sun filed on March 16, 2000, Waterman/CGL pleaded a similar cross-claim and third-party demand. (Rec.Doc. No. 177). In the introductory paragraph, Waterman/CGL states:

> AND NOW, assuming the position of cross-claimants and third-party plaintiffs, Central Gulf Lines, Inc. and Waterman Steamship Corporation aver as follows for their cross-claim and third-party complaint and tender pursuant to F.R.C.P. 14(c) to R.L. Baron Shipping, S.A., the United Kingdom Mutual Protection and Indemnity Assurance Association (Bermuda) Ltd., Dooyang Ship Management Company,

Ltd., Dooyang Line Company, Ltd., and the individual Directors of R.L. Baron Shipping, S.A., now dissolved, but acting in this litigation through its Directors, namely, Masahiro Toyoda, Hajime Ono, and Toshiaki Takeuchi ... of the claims of all cargo claimants, namely Boto ... and the United States, as follows pursuant to F.R.C.P. 14(c):

> The United States of America, claimant herein, has also filed a claim for cargo loss relating to a cargo of corn soya blend that was loaded aboard the CG–F70 and shipped by CARE, 151 Ellis Street, Atlanta, Georgia. R.L. Baron ..., and its individual directors [named] herein, ..., third-party defendants, are likewise solely responsible for any loss or damage to this cargo...

> *If* Central Gulf Lines, Inc., and/or Waterman Steamship Corporation are adjudged liable to cargo claimants herein, Boto Company ..., and the United States of America, which is denied, *then* a judgment in the like amount for contribution, indemnification, and/or breach of contract in favor of [Waterman/CGL] over and against [the Baron interests], all jointly and severally, together with interest, court costs, and attorneys' fees.

(Rec.Doc. No. 77, pp. 7–11) (*Italics added*).

As in the initial cross-claim and third-party demand, Waterman/CGL asserts that *if* Waterman/CGL is adjudged liable to the cargo claimants, including the United States of America, *then* a judgment in like amount for contribution, indemnification, and/or breach of contract should be entered in favor of Waterman/CGL and against the Baron interests. It also includes a Rule 14(c) tender of Baron interests to the cargo claimants, including the United States, and avers that Baron and the Baron interests are solely liable for the collision which caused damage to the cargo, including specifically the cargo of the United States aboard the LASH barge CG–F70.

### *The Motions*

### Motion of Baron to Dismiss the Cross-Claim, Third Party Complaint, and Rule 14(c) Tender by CGL/Waterman

Baron has filed a motion to dismiss the cross-claim, third party complaint, and Rule

14(c) tender of Waterman/CGL of the claims of all cargo claimants, on the grounds that (1) Baron (and the Baron interests) are not "co-parties" with CGL and Waterman, and thus a cross-claim is not procedurally proper; and (2) Baron is already a party to the suit and cannot be a third-party defendant under Rule 14(c), which is a rule of impleader.

■ Rule 13 of the Federal Rules of Civil Procedure, which governs counterclaims and cross-claims, provides in relevant part that:

> (g) A pleading **may** state as a *cross-claim* any claim *by one party against a co-party* arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim *may* include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.
>
> (h) *Persons other than those made parties to the original action* **may** be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.
>
> (i) If the court orders separate trials as provided in Rule 42(b), judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54(b) when the court has jurisdiction so to do, *even if the claims of the opposing party have been dismissed or otherwise disposed of.*

(Emphasis added).

Baron suggests that it is not a "co-party" with Waterman/CGL since they are on opposite sides of the suit. Black's Law Dictionary defines a "co-party" as "[a] litigant or participant in a legal transaction who has a like status with another party; a party on the same side of a lawsuit." *Black's Law Dictionary*, 7th ed. (West 1999). Thus, as to Waterman/CGL's limitation action, Baron and Waterman/CGL are not "co-parties."

Rule 13(g) explicitly states, however, that a "pleading **may** state as a *cross-claim* any

claim *by one party against a co-party.*" (Emphasis added). A fair interpretation of the phrase is that cross-claims are permissible against co-parties, but the converse, that they are not permissible against any person who is not a co-party, does not follow. If cross-claims could **only** be brought against a co-party, then subsection (h) of Rule 13, which allows persons "other than those made parties to the original action" to be made parties to a counter-claim or cross-claim, would make no sense, since if one is not a party, it cannot be a "co-party."

■ In the present action, the parties have different alignments depending upon the claim. Certainly, Waterman/CGL are adverse parties in the main limitation action and in the counterclaim. However, regarding the claims of the cargo claimants, at least prior to the time the summary judgment motions of Waterman and CGL were granted, their interests relative to the cargo claimants, were aligned.[2] The fact that the interests of Waterman and CGL were adverse to that of Baron in the main demand and the counterclaim does not extinguish Waterman/CGL's right to file a cross-claim against them related to the claims of the cargo claimants. The interests of Waterman, CGL and Baron are aligned in the sense that they all sought to defeat the cargo claims. Baron next contends that the third-party demand and Rule 14(c) tender of Waterman/CGL should be dismissed for failure to state a claim, since Rule 14 is a rule of impleader and it was not a third-party, but a defendant to the action. The third-party complaint of Waterman and CGL was made pursuant to Rule 14(c), which states:

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(b)(i), as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In

**2.** The motions of CGL and Waterman for summary judgment on all claims asserted against

them have been granted. (Rec. Doc. Nos. 434 and 479).

such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Baron, and the Baron interests, contend that since Baron was already a party to the suit, it cannot be a third-party defendant under this Rule and the claims of the cargo claimants cannot be tendered to it as a direct defendant. While Baron was already a defendant in the limitation complaint at the time this third-party complaint and Rule 14(c) tender was filed, it was also a claimant in the limitation and a defendant in the counterclaim. There is no reason why it cannot be a third-party defendant to Waterman and CGL's third-party demand, since Waterman/CGL are defendants as to the cargo claims being asserted against them. Baron suggests that third-party defendants are exclusively parties who have never been joined, but the language of the Rule does not dictate such a construction.

### Motion of the United States for Reconsideration of Court's Ruling on Motion for Entry of Default

The United States has filed a motion for reconsideration of the Court's order dismissing the United States' motion for entry of default. In the motion, the United States clarifies that it does not request that default be entered against third-party defendants Baron and the Baron interests, but that claims of the United States which have been tendered to Baron and the Baron interests under Rule 14(c) of the Federal Rules of Civil Procedure be recognized as viable and that Baron and the Baron interests be compelled to answer them.

To the extent that the Court denied the entry of default against Baron and the Baron interests, the ruling on the motion will be maintained. Baron, later joined by the Baron interests, filed a motion to dismiss the Rule 14(c) tender, which was pending at the time the motion for default was filed. Under Rule 12, the defense of failure to state a claim may be made by motion before pleading, including answering a complaint. F.R.Civ.P. 12(b). Entry of default against Baron and the Baron interests on the third-party complaint against them under 14(c) is not warranted.

■ The United States urges the Court to recognize that its claim against Waterman and CGL which was tendered to Baron and the Baron interests under Rule 14(c) was not extinguished when its claim against Waterman/CGL was dismissed because of the unique nature of a Rule 14(c) tender. Rule 14(c) does explicitly state that when a tender of an admiralty or maritime claim to a third-party defendant occurs, the third-party plaintiff, who is also the defendant in the claim [here Waterman/CGL], **may also demand judgment** against the third-party defendant [here Baron and the Baron interests] in favor of the plaintiff [here the United States], and "the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff." The previous sentence of Rule 14(c) refers to contribution, suggesting that this is a remedy in addition to contribution, which would be owed only to a defendant/third-party plaintiff who is also liable to the plaintiff.

The district court in *Riverway Company v. Trumbull River Services, Inc.*, 674 F.2d 1146 (7th Cir.1982) studied the particular features of Rule 14(c), quoting Moore's Federal Practice's description of the differences between a Rule 14(c) tender and traditional third-party practice:

A third-party defendant may be brought in not only on a theory of liability over to the third-party plaintiff for any recovery the original plaintiff may secure from such third-party plaintiff (the original defendant), **but also on a theory that the third-party defendant is directly liable to the original plaintiff either jointly with the original defendant or instead of the original defendant.**

*Riverway Company,* 674 F.2d at 1154, *quoting* 3 J. Moore, *Federal Practice and Procedure,* p. 14.34 (2d ed.1980).

This same analysis of the import of a Rule 14(c) tender is adopted in T. Schoenbaum, *Admiralty and Maritime Law,* § 21–8 (3d ed.2000), explaining:

> This rule is limited to cases in which a plaintiff asserts an admiralty claim under Rule 9(h)... This is useful not only in cases of indemnity and contribution, *but also where the third-party defendant's liability is directly to the plaintiff.* **The third party in such as case is subject to judgment in favor of the plaintiff** *even though the original defendant is not liable.*

Such is the case here, where Waterman and CGL, the original defendants in the United States' claim, have been adjudicated not to be liable to the United States. In its original answer to Baron's claim and counterclaim, Waterman and CGL specified its position that Baron is liable for damages they sustained as well as "for claims for damage to property belonging to third parties (including cargo)." (Rec.Doc. No. 18). While the third-party complaints filed by Waterman/CGL did contain traditional contribution and indemnification language, they also unmistakably tendered to Baron and the Baron interests the claims of the cargo claimants under Rule 14(c) and declared that Baron is solely responsible for any damage to the United States cargo of corn soya blend loaded about the CG–F70. (Rec. Doc. Nos. 77, pp. 7–11 and 18).

Upon further consideration of the matter, the Court finds that the claims of the United States should not have been dismissed in denying the motion for entry of default. Under Rule 14(c), even though the claims of the United States against Waterman and CGL were dismissed, its claims had been tendered against Baron and the Baron interests by Waterman/CGL.[3] While admittedly the

United States has not been an active participant in the discovery and motion practice in this litigation, it has sufficiently preserved its claim by filing exhibit and witness lists with the Court and serving discovery requests on Waterman/CGL and the Baron Interests.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of R.L. Baron Shipping S.A. to dismiss the cross-claim, third-party complaint, and Rule 14(c) tender filed by Central Gulf Lines, Inc., and Waterman Steamship Corporation, joined by Dooyang Ship Management Co., Ltd., Dooyang Line Co., Ltd., the United Kingdom Mutual Assurance Association (Bermuda) Ltd., Hajime Ono, Masahiro Toyoda, and Toshiaki Takeuchi, is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the motion of the United States of America for reconsideration of Court's ruling on motion for entry of default is hereby **DENIED IN PART** as to the denial of the entry of default against Baron and the Baron interests, and is hereby **GRANTED IN PART,** recognizing that the dismissal of the United States' claim which was tendered to Baron and the Baron interests was improper. The claim of the United States which was tendered to Baron and the Baron interests is not dismissed. Baron and the Baron interests are **DIRECTED** to file an answer to the claim of the United States within 10 days.

---

**3.** The Baron interests argue that the Rule 14(c) tender was not sufficient procedurally for the United States to assert its claim against them, and that a cross-claim was required. As the discussion pertaining to a Rule 14(c) tender demonstrates, the tender by Waterman/CGL to Baron and the Baron interests placed the United States claim in a posture such that "the action shall proceed as if the plaintiff [the United States] had commenced it against the third-party defendant [Baron and the Baron interests] as well as the third-party plaintiff [Waterman/CGL]." F.R.Civ.P. 14(c). A cross-claim was not necessary.